[No. 4422.    Decided March 4, 1905.]

FABIAN S. POTVIN, *Appellant,* v. DENNY HOTEL COMPANY
et al., *Respondents.*[1]

ESTOPPEL—MECHANICS' LIENS—MATERIAL INTENDED TO BE USED
CONSIDERED PART OF REALTY—CONTRACTOR BOUND BY PREVIOUS LITI-
GATION. The plaintiff, a contractor, is estopped from claiming
that finishing material intended to be used in the construction
of, and actually stored in an unfinished hotel building, is not part
of the realty, where it appears that he purchased the material to
be used in the construction of the hotel and brought an action to
foreclose a mechanics' lien on the building and material, and re-
covered a judgment for the amount due him, which was declared
a lien on the real estate, and the real estate was sold thereunder;
and where he had in another suit enjoined the levy of execution
upon the material, on the ground that the material was in good
faith intended to be used in the building; and where in other
litigation to which he was a party it was found that appellant's
lien was subordinate to a mortgage lien upon the real estate; and
where the material was afterwards actually used in the construc-
tion of the building, after being sold on execution issued upon a
judgment recovered against him for the purchase price thereof;
since it appeared that the court treated the material as part of
the real estate in adjusting the rights of the parties, and the title
thereto passed by the plaintiff's execution sale of the real estate.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered March 15, 1902, upon find-
ings in favor of the defendants, after a trial on the merits
before the court without a jury, dismissing an action to
set aside a conveyance as fraudulent as to creditors. Af-
firmed.

*Charles E. Patterson* and *James J. Easly,* for appel-
lant.

*E. F. Blaine* and *Lee DeVries,* for respondents.

1Reported in 79 Pac. 940.

Root, J.—This case was once before appealed to this court, and the opinion handed down therein may be found in 26 Wash. 309, 66 Pac. 376. Reference is now made to that opinion for a more complete statement of the facts involved. At that time the trial court, having sustained a demurrer to appellant's complaint, and he having elected not to amend, and a judgment of dismissal having been rendered, an appeal was taken from said judgment. Appellant's action is based upon a partially unsatisfied judgment, obtained in foreclosing a contractor's lien against the Denny Hotel Company and its former property, the Denny Hotel.

In his complaint appellant prayed that the conveyance of certain real and personal property (finishing material), from the Denny Hotel Company to A. A. Denny, be adjudged fraudulent, as having been made for the purpose of hindering, delaying, and preventing the collection of claims due appellant, and other creditors, from the hotel company; and that said A. A. Denny be required to pay into court, for the use and benefit of plaintiff and other creditors, the difference between the value of said real estate and the amount bid therefor, to wit, $82,670; and that he also be required to pay into court, for the use of plaintiff, the value of said personal property, to wit, $25,-000. In the decision of this court, when the case was here before (26 Wash.), the appellant was held not entitled to have the conveyance of the real estate decreed fraudulent, or to recover anything on account thereof; but it was held that, in so far as the personal property was concerned, the complaint stated a cause of action. Among other things, the court said:

"If, as alleged, appellant has a lien upon it prior in time to the transfer, he has a right to have the lien foreclosed, and the property sold in satisfaction thereof. . .

If the transfer was made, as averred in the complaint, without consideration, it is voidable at the suit of a crediter, for an insolvent corporation has no right to give away its property to the prejudice of its creditors."

The case being remanded to the superior court, an answer was interposed by respondents, wherein they denied appellant's possession and right of lien, and all the allegations of fraud; and set up that, in another proceeding, wherein appellant was one of the plaintiffs, certain other creditors of the Denny Hotel Company had been restrained from selling said finishing material, by execution on judgments against said hotel company, upon the ground that the said material was to be used in good faith for the completion of said building, and was subject to the lien of said appellant. It was alleged that appellant had sought the confirmation of the sale of the real estate, when purchased as aforesaid by A. A. Denny, and had received a portion of the proceeds. And it was alleged that said appellant was estopped from maintaining that said material was not subject to the lien, which he established against the property, and from asserting that the execution sale did not convey both real estate and building material

At the conclusion of the trial, the court decided in favor of respondents—finding that the building of the hotel was abandoned on account of financial embarrassment; that the hotel corporation had quit and abandoned the business for which it was incorporated; that the real estate, including said hotel building, at the time of the sheriff's sale, was worth $100,000; that A. A. Denny was president of, and a stockholder in, said hotel company; that appellant, as contractor, had obtained a judgment of $186,386.78, with interest from the 6th of March, 1896, and that the amount so found due was declared a valid lien upon the real estate; that, when the construction work

ceased, there was in the building a large amount of lumber, mill work, etc., which had been principally furnished by Huttig Brothers Manufacturing Company; that the hotel company was indebted in an amount exceeding $400,000, and was hopelessly insolvent; that, prior to the commencement of the action, an *alias* execution on appellant's judgment was issued, and returned wholly unsatisfied and *nulla bona;* that appellant had caused the hotel company's real estate to be sold on special execution, A. A. Denny being the purchaser, for the benefit of himself and two other creditors of the hotel company; that A. A. Denny was a creditor of the hotel company in a sum exceeding $20,000; that said Denny and Dexter Horton & Co. had, for value, become the owners of the judgment of one Wickersham, theretofore obtained against said hotel company; that said hotel company had deeded its property to A. A. Denny, to satisfy his claims against it; that appellant received $1,000 from the proceeds of the sale of the real estate, and never objected to the confirmation of the sale of said property; that, after the execution sale of said hotel real estate, Huttig Brothers Manufacturing Company, upon execution on the judgment held against appellant for the purchase price of the lumber, furnishings, etc., hereinbefore mentioned, sold the same, bidding it in and, with Denny and Dexter Horton & Co., using it in the completion of the hotel building.

The court made conclusions substantially as follows: That the execution sale of the real estate was valid and binding upon the appellant, and that no redemption had ever been made; that the execution sale upon the judgment of Huttig Brothers Manufacturing Company, of the lumber and loose material about the building, was valid, and transferred the property therein to said company; that

the plaintiff was not entitled to recover against the respondents, or any of them. Judgment and decree of dismissal was made and entered upon said findings and conclusions. From said judgment and decree, this appeal is taken.

Exceptions were taken to part of the findings, and to all of the conclusions. There is but little controversy over the facts. The findings of the trial court, we think, are fairly sustained. Appellant contends that the sale of the real estate did not transfer or affect the lumber, mill work, and furnishings unused in and about the hotel building; that he, at said time, had possession of said material, and that it was personal property; that said material was subsequently taken wrongfully by said A. A. Denny, and, by him and associates, used in the completion of said hotel building. He claims that the sale of the lumber, mill work, etc., by Huttig Brothers Manufacturing Company, was not pleaded so as to be available as a defense. He also contends that, if said defense were justifiable under the answers, it is nevertheless insufficient, for the reason that the judgment was obtained April 11, 1892, and the sale did not occur until April 9, 1898, or more than five years after its rendition, and at a time when it was dormant and incapable of supporting an execution. He also claims that, at the time of this sale, the title to this said lumber, mill work, etc., was not in him, but that it was in the Denny Hotel Company; and that, consequently, no title passed to Huttig Brothers Manufacturing Company by reason of said sale. At said sale the material brought only $1,699.25. Appellant claims that it was worth $25,000. He maintains that the execution sale of the real estate, upon the judgment held by himself against the Denny Hotel Company, did not convey the lumber, mill work, etc.,

for the reason that said material was not a part of the building at that time, and did not constitute a portion of the real estate.

It appears from the record that, in the action brought by appellant, Dexter Horton & Co., and Huttig Brothers, against Wickersham, *et al.,* appellant alleged in his complaint that he had purchased said lumber, etc., to be used in the construction of said hotel building, and was at that time prosecuting an action to enforce a lien upon said building, and upon said lumber, etc. The action that he was so prosecuting was the one wherein he subsequently recovered a judgment of over $186,000, and had it decreed a lien against the real estate. It would thus appear that appellant treated this lumber, etc., as a part of the real estate, and as subject to the lien for the amount due him as contractor and material man. It appears that the said material was, as a matter of fact, subsequently used in the construction of the building as originally intended. The case of *Potvin et al., v. Wickersham et al.,* came to this court, and the opinion is found in 15 Wash. p. 646, 47 Pac. 25. This court sustained the lower court in enjoining Wickersham *et al.* from levying upon this material, by virtue of a judgment held against the Denny Hotel Company; and held that the lower court was "warranted in finding that the materials were in good faith intended to be applied to the completion of the building." In the same case the court said: "It appears that the materials in question had been gotten out especially for the building, and were of little value except for the purposes for which they were designed." This is clearly apparent now; and, if it be conceded that said material cost $25,000, yet it could not be expected that it would bring more than a small fraction of its cost, when subjected to forced sale.

In fact it could scarcely be expected that a substantial bid for such property would be made by any one not interested in the hotel building.

Twelve years ago there came before this court several cases (consolidated) wherein questions of priorities of liens upon this same hotel property were involved. See, *Huttig Bros. Mfg. Co. v. Denny Hotel Co.,* 6 Wash. 122, 32 Pac. 1073. At that time, in the case of Huttig Bros. Mfg. Company v. Potvin and the Denny Hotel Company, it was held that said Huttig Bros. Mfg. Company was entitled to a lien upon the loose finishing material on the premises, even though the same had not been built into the building. In the same opinion it was held that this lien was subordinate, however, to the lien of a mortgage held by the Cornell University upon the *lands* upon which said hotel was erected. This would seem to indicate that the court regarded this loose finishing material as a part of the realty, and treated it as such in adjusting the rights of appellant and others concerned in this hotel property matter. Otherwise, the *real estate* mortgage of the university could not have been a prior lien, or a lien at all, upon this material. From the proceedings had in all of these cases, and in the light of the admitted facts, it would seem that appellant treated this lumber, etc., as a portion of the realty, and as impressed with the lien of his judgment. To allow him to urge that this material was personal property, and not affected by the execution made upon his judgment, would, we think, be to permit him to prevail upon a theory inconsistent with that which he acted upon in these other cases, and in the transactions connected therewith. Moreover, the sale made by Denny Hotel Company to A. A. Denny, Dexter Horton & Co., and Huttig Bros. Mfg. Co., of this lumber, was not shown to have been without consideration;

but it appears that these persons were creditors of said hotel company, in large amounts, A. A. Denny alone in a sum exceeding $20,000.

Respondents claim legal title to this personal property by reason of one or more of the following named transactions: First, the execution sale of the realty upon appellant's judgment; second, the bill of sale from the hotel company; third, the execution sale of the material upon the judgment of Huttig Bros. Mfg. Co. against appellant. To defeat their claims it is incumbent upon appellant to show the invalidity or insufficiency of each and all of these transactions to effect a legal and rightful transfer of the title of said property. We are constrained to hold that he has not made a sufficient showing to accomplish this result. Without passing upon the sale made by Huttig Bros. Mfg. Co., we think that the execution sale of the realty upon appellant's judgment conveyed this finishing material; and, even if this were not so, we are unable to find a substantial basis for challenging the sufficiency and legality of the bill of sale of this material by the hotel company to A. A. Denny.

The judgment of the lower court is affirmed.

MOUNT, C. J., DUNBAR, HADLEY, FULLERTON, RUDKIN, and CROW, JJ., concur.